IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| EDWARD ELDON CORLEY | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:08cv196 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Edward Corley, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement, with reference to his eligibility for parole and the attendant procedures for granting parole. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

As the Magistrate Judge observed, Corley says that he was convicted under parole statutes which allowed him to be released to parole supervision, but that the State of Texas, in the mid-1990s, "decided to make prisoners convicted of violent offenses serve all their sentences." He says that "by law and practice," the State extended his time in prison by making it impossible for him to be released on parole. He also says that at the time of his conviction, the law allowed for good time to be credited for his parole eligibility, but prison officials refuse to credit him with good time on his second life sentence, so he cannot begin serving his third one.

According to Corley, in 1995, the Board began singling out inmates who were serving life sentences for murder, or who were acquitted of capital murder and given a life sentence as if

1

convicted of capital murder, for "special parole consideration." He says that "basically, the Board automatically denies these flagged inmates parole."

Corley states that at one time, the Board used a scoring system called "Pablo" to evaluate whether inmates should be paroled, but that this has been changed to the "Static 99" scoring system, which looks at different factors. In any event, he says, "flagged" inmates are not afforded a personal interview, but are automatically set off without further consideration. He says that the scoring system now used involves a matrix based on crimes listed in the National Crime Information Center, which uses a lower standard than the Texas Penal Code. As a result, even though no affirmative finding was made that Corley's crime was "aggravated," the Board considers him an "aggravated" offender. He complains that this scoring system only considered the crime of conviction and the amount of time served, and does not given an individualized assessment of what the inmate has done since his incarceration, which Corley says is contrary to the Board's rules and regulations. Thus, he says, inmates serving life sentences for murder are unlikely ever to receive parole. Corley argues that the use of the new scoring system and the new policies violates the Ex Post Facto Clause, as well as violating due process and equal protection.

On May 19, 2008, the Magistrate Judge issued a Report recommending that the petition be dismissed. This Report reasoned that because Corley has no protected liberty interest in parole, he is precluded from raising a procedural or substantive due process challenge to the procedures attendant to the parole decision, citing Johnson v. Rodriguez, 110 F.3d 299, 308-09 (5th Cir. 1995). The Report also recommended that Corley's ex post facto claim be rejected and that his good time claim be dismissed because Corley is already eligible for release on parole.

Corley filed objections to the Magistrate Judge's Report on June 2, 2008. In his objections, Corley said that the Fifth Circuit has reversed dismissals of ex post facto challenges similar to his, that inmates convicted of violent crimes are "flagged for special parole consideration" which in effect means that he is unlikely ever to receive parole, and that he has a "state-created liberty interest" in having his initial sentence cease to operate in a timely manner. He cites a case

2

from the Western District of Texas called Wion v. Dretke, civil action no. 7:05cv146 (W.D.Tex.), in which the petitioner was granted relief on an ex post facto claim which Corley says is the same one that he is bringing in this petition.

Based on these objections, the Magistrate Judge withdrew the Report and ordered the Respondent to answer. In response to this order, the Respondent filed a motion to dismiss the petition as successive, or, in the alternative, for specific performance of a plea agreement into which Corley had entered. Corley filed a response to this motion.

After review of the pleadings, the Magistrate Judge issued a second Report on December 4, 2008, recommending that the petition be dismissed. In this Report, the Magistrate Judge set out the entirety of the plea agreement into which Corley entered. In this plea agreement, Corley agreed to plead guilty to the murders of Vickie Morris and Dollie Jonas, to waive all rights to parole or mandatory supervision, and to waive the right to challenge the validity of the plea agreement, through habeas corpus or any other legal remedy. Corley also agreed that any such petition which he might file should be summarily dismissed and that it is the intent of the plea agreement that he serve at least 60 years in prison before being eligible for parole.

Based on this plea agreement, the Magistrate Judge concluded that Corley lacked standing to complain about circumstances relating to parole, inasmuch as he has waived all claim of entitlement to parole prior to the service of 60 calendar years. The Magistrate Judge also determined that the State is entitled to specific performance of the plea agreement.

Corley filed objections to the Magistrate Judge's Report on December 30, 2008. In his objections, Corley asserts that the judgment of conviction did not incorporate all of the terms of plea agreement, which he refers to as a "purported plea agreement." He says that the "purported plea agreement" was not obtained from the trial court in McLennan County, but rather was obtained from the writ file of the Texas Court of Criminal Appeals, which file he says "contains whatever is filed by the petitioner and the state without regard to whether the documents exist in the trial record." He says that the "purported plea agreement" was not authenticated by the clerk of the district court and

that he has not seen it. In fact, however, as the Magistrate Judge stated, the plea agreement is part of the trial court record and was signed by Corley himself, as well as his attorney.

The Fifth Circuit has held that official records are entitled to a presumption of regularity in habeas corpus proceedings. Webster v. Estelle, 505 F.2d 926, 929-30 (5th Cir. 1974). Corley's unsubstantiated assertions that no such plea agreement existed, despite its appearance in the state court records and his own signature thereon, are not sufficient to overcome this presumption of regularity. Furthermore, Corley's plea bargain agreement was referenced in orders entered in Corley's two prior habeas corpus petitions in the Western District of Texas, and so his contention that he knew nothing about the agreement is plainly specious.

The fact that all of the terms of the plea agreement, which was lengthy, are not incorporated into the judgment of conviction also does not vitiate this agreement. As the Magistrate Judge said, the judgment of conviction incorporated the basic terms of the plea agreement, but there is no requirement that each and every aspect of the plea agreement be incorporated into the judgment. Corley voluntarily entered into the plea agreement and is bound by all of its terms; he cannot evade this agreement simply by arguing that all of the terms were not incorporated into the judgment of conviction.

In his second objection, Corley asks whether a plea agreement used as the basis to deny habeas corpus review can be used to deny review of an issue not covered by the agreement, and of an issue which the judgment reflects is an element of the plea or sentence. He says that the plea agreement, even if valid, recognizes that his sentences could cease to operate, and thus does not act as a bar to consideration of this claim; he says that if his sentences cannot cease to operate, then the plea agreement which by its terms is based on the commencement of the sentence in cause no. 75-291-C cannot be enforced or kept and therefore is not binding. He asks that the Court return the case to the Magistrate Judge to determine the existence and validity of the plea bargain and to determine the cease-to-operate claim, which he says is not precluded by the plea agreement.

4

Corley has failed to show that he has standing to raise his "ceases to operate" claim. Even if he did have standing, it is apparent that this claim has no merit. Under Texas law, when an inmate is serving consecutive convictions, that the first conviction will "cease to operate," thereby triggering the commencement of the second conviction, when either (a) the actual calendar time served by the inmate equals the sentence imposed by the court, or (b) on the date a parole panel designates as the date the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence. Tex. Gov. Code art. 508.150(b). The Texas Court of Criminal Appeals has specifically rejected the notion that subsection (B) of this statute refers merely to the date of parole eligibility, saying that because the statute refers to a parole panel's *designation*, rather than an inmate's statutory *eligibility*, subsection (B) must refer to a discretionary decision on the part of the Board that the person actually would have been released to parole but for the second sentence; it is not enough that the inmate merely becomes statutorily eligible for parole. Ex Parte Kuestler, 21 S.W.3d 264, 270 (Tex.Crim.App. 2000) (emphasis added), *overruled in part on other grounds in* Ex Parte Hale, 117 S.W.3d 866, 867 (Tex.Crim.App. 2003); *see also* Ex Parte Wrigley, 178 S.W.3d 828, 831 (Tex.Crim.App. 2005) (noting that the phrase "ceases to operate" means the date on which the original sentence is served out in actual calendar time or the date on which a parole panel approves the inmate for parole release).

In this case, Corley has failed to show that a parole panel has made a discretionary decision that he would have been released for parole but for the second sentence, nor that he has been approved for parole release. Thus, he has not shown that his first sentence has "ceased to operate," and so his claim on this point is without merit.

The remainder of Corley's objections concern the existence and validity of the plea agreement, which was signed by Corley and appears in the state court records. Corley has failed to overcome the presumption of validity attached to this document, nor has he shown that the Magistrate Judge's conclusion that he lacks standing to challenge the denial of parole eligibility and

that the Respondent is entitled to specific performance of the plea agreement. Consequently, Corley's objections are without merit.[1]

The Court has conducted a careful *de novo* review of the pleadings in this case, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Respondent's motion for specific performance of the plea agreement (contained within docket no. 15) is GRANTED. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Edward Eldon Corley is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 6th day of January, 2009.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

---

[1] To the extent that Corley asks that the Court determine the validity of the specific terms of the plea agreement, such a claim would be barred by the statute of limitations and would also be successive, given that Corley has previously filed two federal habeas corpus petitions in the Western District of Texas which could have served as vehicles to raise such a challenge. *See* Corley v. Dretke, civil action no. 6:01cv88 (W.D.Tex., dismissed as barred by limitations and as inconsistent with his plea bargain April 26, 2002, no appeal taken); Corley v. Dretke, civil action no. 6:04cv188 (W.D.Tex., dismissed as barred by limitations August 18, 2004, no appeal taken).